KELLY *v.* ALLEGAN CIRCUIT JUDGE.

1. DEPOSITIONS — SUPERINTENDING CONTROL — PHYSICIAN-PATIENT
PRIVILEGE — WAIVER.

 The physician-patient privilege can only be waived when a
plaintiff produces a physician as a witness in his own behalf
in a suit for personal injury or malpractice; thus, plaintiff's
submission of her husband's death certificate and a letter from
her deceased husband's attending physician, stating deceased
had been treated for a cardiac condition which was under fair
control and did not prevent him from working, does not act
as a waiver or voluntary relinquishment of a known privilege
nor does justice require that plaintiff be estopped from as-
serting the physician-patient privilege; hence, an order of
superintending control by the Court of Appeals prohibiting
defendant insurance company from deposing the attending
physician must be affirmed, but modified to allow defendant
to adduce evidence from the physician, which is not covered
by the privilege (CLS 1961, § 600.2157).

2. COSTS—APPEAL AND ERROR—SUPERINTENDING CONTROL—PHYSI-
CIAN-PATIENT PRIVILEGE.

 No costs are allowed on an insurance company's appeal from
an order of superintending control by the Court of Appeals,
which, because of the physician-patient privilege, prohibited
deposing the physician attending plaintiff's deceased husband
prior to his death (CLS 1961, § 600.2157).

Appeal from Court of Appeals, Division 3, Burns,
P. J., and Fitzgerald and Holbrook, JJ., granting
an order of superintending control from Allegan,

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  20 Am Jur 2d, Courts § 111 *et seq.*
 58 Am Jur, Witnesses § 407.
[2]  5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

Ray (Chester A.), J.   Submitted April 10, 1969.
(Calendar No. 6, Docket No. 51,991.)   Decided September 3, 1969.

Annetta M. Kelly complains against Michigan Life Insurance Company for proceeds owing on a policy of life insurance which covered plaintiff's deceased husband.   An order temporarily prohibiting defendant from deposing the attending physician of the deceased was quashed by the trial judge.   Plaintiff complained to the Court of Appeals for an order of superintending control.   Order granted.   Defendant appeals.   Modified and affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley (J. Walter Brock, of counsel), for plaintiff.*

*Schmidt, Smith & Howlett (Laurence D. Smith and Richard L. Spindle, of counsel), for defendant.*

T. G. KAVANAGH, J.   This is an appeal from an order of the Court of Appeals[1] granting plaintiff's request for an order of superintending control prohibiting defendant insurance company from deposing the attending physician of plaintiff's decedent husband.

Suit was brought in Allegan county circuit court on a policy of insurance issued by defendant company on the life of plaintiff's husband.   The defendant company denies liability under the policy claiming a material misrepresentation regarding the condition of the insured's health on his application for insurance.

The defendant company noticed the taking of the deposition of the attending physician on October 19, 1967, but on October 26, 1967, the defendant circuit judge granted plaintiff's motion for an order pro-

---

[1] See 381 Mich 754.—REPORTER.

hibiting the taking of such deposition.  On March 7, 1968, however, the judge vacated his October 26th order on the ground that the physician-patient privilege[2] had been waived for discovery purposes when plaintiff submitted a letter from Dr. Alfinito wherein the doctor stated that he had treated the deceased for a cardiac condition commencing April 1, 1964, which was under fair control and did not prevent him from working.

We find no waiver of the privilege.

The plaintiff did not waive the privilege by submitting a death certificate.  *Gilchrist* v. *Mystic Workers of the World* (1915), 188 Mich 466; *Repala* v. *John Hancock Mutual Life Insurance Company* (1924), 229 Mich 463.

The plaintiff did not waive the privilege by submitting the letter from Dr. Alfinito.  *Briesenmeister* v. *Supreme Lodge Knights of Pythias of the World* (1890), 81 Mich 525; *Polish Roman Catholic Union of America* v. *Palen* (1942), 302 Mich 557.

A true waiver is an intentional, voluntary act and cannot arise by implication.  It has been defined as the voluntary relinquishment of a known right.

There are some circumstances, however, wherein justice requires that a person be treated *as though* he had waived a right where he has done some act inconsistent with the assertion of such right and without regard to whether he knew he possessed it.  This is the doctrine of estoppel.

Such is not the case here.  The statute describes only one circumstance wherein a plaintiff shall be "deemed" to have waived the privilege and that is when the plaintiff "shall produce any physician as a witness in his own behalf" in a *suit for personal injuries or malpractice.*

---

[2] PA 1961, No 236, § 2157 (CLS 1961, § 600.2157, Stat Ann 1962 Rev § 27A.2157).

Appellant urges that the order of the Court of Appeals prohibiting the deposition of Dr. Alfinito is too broad in that the doctor could properly testify as to matters not covered by the privilege. To the extent that defendant wishes to adduce such evidence from the doctor, the order is modified to permit it. In all other respects it is affirmed.

No costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.