DIERICKX v COTTAGE HOSPITAL CORPORATION

Docket No. 81505. Submitted December 10, 1985, at Detroit. Decided
May 2, 1986. Leave to appeal applied for.

Deanna Dierickx was born at Cottage Hospital. The delivery was
performed by Charles B. Riddle, M.D. Deanna allegedly has
failed to develop normally and has suffered central nervous
system damage, including cerebral palsy, psychomotor retarda-
tion, severe mental retardation, and seizure disorder. Deanna
Dierickx, by her next friend, Barbara A. Dierickx and Barbara
A. Dierickx and George L. Dierickx, her parents, individually,
filed a medical malpractice action against the Cottage Hospital
Corporation, C. B. Riddle, M.D., P.C., and Charles B. Riddle,
M.D., in Wayne Circuit Court alleging that Deanna's problems
are a proximate result of defendants' negligence and malprac-
tice. Deanna's parents had two other children born after De-
anna, the younger of which began exhibiting neurological
abnormalities and problems with vision shortly after birth.
Defendants obtained records pertaining to the child, Kimberly,
which indicate that Kimberly's treating physicians suspect that
Kimberly shares a genetic disorder with Deanna. Defendants
moved to compel the production of the medical records of
Deanna's two sisters, Katie and Kimberly. That motion was
denied, Irwin H. Burdick, J. A motion to compel Katie and
Kimberly to submit to a physical examination was also denied,
the court ruling that the physician-patient was personal to
Katie and Kimberly, had not been waived, and shielded the
children from the production of their medical records and from
having to submit to a physical examination. Defendants ap-
pealed by leave granted. Held:

1. The requested medical records come within the express

REFERENCES

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 158-173,
340-360.
Physician-patient privilege as extending to patient's medical or
hospital records. 10 ALR 4th 552.
Propriety, in medical malpractice case, of admitting testimony
regarding physician's usual custom or habit in order to establish
nonliability. 10 ALR4th 1243.

terms of the statutory physician-patient privilege and therefore are not subject to discovery.

2. The physician-patient privilege has not been waived as to Katie and Kimberly Dierickx by the bringing of this action.

3. The trial court did not err in denying defendants' request for an order requiring a physical examination although the court reached that conclusion for the wrong reason. The court rules, not the physician-patient privilege, prevent Katie and Kimberly from being compelled to undergo physical examinations. It is not their physical conditions, mental conditions, or blood relationships that are in controversy in this case, but rather Deanna's and her parents'. Katie's and Kimberly's physical and mental conditions and blood relationships therefore are not subject to discovery under the court rules.

Affirmed.

1. EVIDENCE — DISCOVERY — RELEVANT AND NONPRIVILEGED DOCU-
   MENTS — COURT RULES.

   A trial court has discretion to order a party to produce relevant and nonprivileged documents (GCR 1963, 310.1).

2. EVIDENCE — MEDICAL INFORMATION — PHYSICIAN-PATIENT PRIVI-
   LEGE.

   The purpose of the physician-patient privilege against disclosure of information is to enable persons to secure medical aid without betrayal of confidence (MCL 600.2157; MSA 27A.2157).

3. EVIDENCE — MEDICAL INFORMATION — PHYSICIAN-PATIENT PRIVI-
   LEGE.

   The right to assert the physician-patient privilege is personal to the patient (MCL 600.2157; MSA 27A.2157).

4. EVIDENCE — MEDICAL INFORMATION — PHYSICIAN-PATIENT PRIVI-
   LEGE — WAIVER.

   The physician-patient privilege can be implicitly waived only when a plaintiff produces a physician as a witness in his own behalf in a suit for personal injury or malpractice (MCL 600.2157; MSA 27A.2157).

5. EVIDENCE — MEDICAL INFORMATION — MINORS — PHYSICIAN-PA-
   TIENT PRIVILEGE — WAIVER — PARENTS — GUARDIANS.

   A parent or guardian may legally act for a minor and obtain access to the minor's medical records by executing a waiver of the physician-patient privilege (MCL 600.2157; MSA 27A.2157).

6. APPEAL — EVIDENCE — PHYSICAL EXAMINATIONS — MOTIONS AND
   ORDERS.

   The Court of Appeals reviews a trial court's denial of a request

for an order requiring a physical examination for an abuse of discretion.

7. Eᴠɪᴅᴇɴᴄᴇ — Pᴇʀsᴏɴᴀʟ Iɴᴊᴜʀɪᴇs — Mɪɴᴏʀs — Pʜʏsɪᴄᴀʟ Eхᴀᴍɪɴᴀᴛɪᴏɴs.

A parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination, but the physical or mental condition or blood relationship of a sibling is not subject to discovery where those issues are not in controversy in the lawsuit.

8. Aᴘᴘᴇᴀʟ — Rɪɢʜᴛ Rᴇsᴜʟᴛ ғᴏʀ Wʀᴏɴɢ Rᴇᴀsᴏɴ.

The action of a trial court resulting in the right conclusion will not be disturbed on appeal even though based on a wrong theory.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz, Norman D. Tucker,* and *Richard L. Groffsky*), for plaintiffs.

*Clark, Klein & Beaumont* (by *M. V. Kell* and *David G. London*), for Cottage Hospital Corporation.

*Schureman, Frakes, Glass & Wulfmeier* (by *Cheryl L. Chandler*), for C. B. Riddle, M.D., P.C., and Charles B. Riddle, M.D.

Before: Dᴀɴʜᴏғ, C.J., and J. H. Gɪʟʟɪs and M. Wᴀʀsʜᴀwsᴋʏ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendants appeal by leave granted from the orders of the Wayne Circuit Court which denied their motions to compel production of medical records concerning Katie and Kimberly Dierickx and to compel these children to submit to a physical examination.

This is a medical malpractice suit arising from the birth of plaintiff Deanna Dierickx at defendant Cottage Hospital on May 20, 1980. The delivery

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was performed by defendant Charles B. Riddle, M.D. Deanna's parents, Barbara and George Dierickx, have alleged other injuries to themselves for which they seek damages. Plaintiffs have alleged that Deanna has failed to develop normally and has suffered central nervous system damage, including cerebral palsy, psychomotor retardation, severe mental retardation, and seizure disorder as a proximate result of defendants' negligence and malpractice. Plaintiffs filed this action in May of 1982.

On June 22, 1981, plaintiffs had a second daughter, Katie, a normal, healthy child. On October 3, 1983, during discovery in this case, the Dierickxes had a third child, Kimberly.

At her April 2, 1984, deposition, plaintiff Barbara Dierickx testified that Kimberly began exhibiting neurological abnormalities and problems with vision shortly after birth. She further testified that Kimberly had been hospitalized on at least six different occasions in the first six months of her life in an effort by the Dierickxes to determine the etiology of her medical problems. Defendants obtained certain medical records concerning Kimberly through an error of the copy service. These records indicate that Deanna's condition is shared by Kimberly and that the treating physicians suspect a genetic disorder.

In an effort to fully explore a genetic causation defense theory, defendants moved to compel the production of the medical records of Katie and Kimberly. After a hearing on August 14, 1984, the trial court denied the motion, ruling that the physician-patient privilege was personal to these children and had not been waived. Defendants then moved to compel Katie and Kimberly to submit to a physical examination. After a hearing on August 31, 1984, the trial court denied the

motion, apparently ruling that the physician-patient privilege shielded the children from this type of discovery. Orders denying each motion were entered September 18, 1984.

The production of documents in pretrial discovery is governed by GCR 1963, 310.1, which provides in relevant part:

> After commencement of an action the judge of the court in which the action is pending may, upon motion of any party and upon notice to all other parties, and subject to the provisions of subrule 306.2:
>
> (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any reasonably designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, *not privileged,* relevant to the subject matter involved in the pending action and which are in his possession, custody, or control. . . . [Emphasis added.]

By the terms of the rule, a trial court has discretion to order a party to produce relevant and nonprivileged documents.

The physician-patient privilege is set out in MCL 600.2157; MSA 27A.2157, which provides in relevant part:

> No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon: Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury,

or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition . . . .

The purpose of the physician-patient privilege is to enable persons to secure medical aid without betrayal of confidence. *Grand Rapids & Indiana R Co v Martin,* 41 Mich 667, 671; 3 NW 173 (1879).

Defendants seek production of the medical records of Katie and Kimberly which would include information acquired by a physician in attending a patient in a professional capacity and necessary to enable that physician to prescribe for the patient. Thus, the requested medical records come within the express terms of the statutory privilege. Being privileged documents, they are not subject to discovery under GCR 1963, 310.1. However, defendants attempt to bring this case within the statute's waiver provision, e.g., a malpractice action brought by a plaintiff-patient. Defendants argue that by bringing this action plaintiffs have placed the physical condition of the family at issue, thereby waiving their right to assert the physician-patient privilege on behalf of family members. We disagree.

The right to assert the physician-patient privilege is personal to the patient. *Gaertner v Michigan,* 385 Mich 49, 53; 187 NW2d 429 (1971); *Storrs v Scougale,* 48 Mich 387, 395; 12 NW 502 (1882). Although Katie and Kimberly are related to plaintiffs, they are not parties to this action. The existence of a genetic defect may be an issue in this litigation, but Katie and Kimberly (or their representatives) have not placed the health of Katie and Kimberly in controversy. Thus, they have not waived the privilege.

Further, plaintiffs have not implicitly waived the statutory privilege as to Katie and Kimberly by bringing this lawsuit. In *Kelly v Allegan Circuit Judge,* 382 Mich 425, 427; 169 NW2d 916 (1969), the Supreme Court noted that "[t]he statute describes only one circumstance wherein a plaintiff shall be 'deemed' to have waived the privilege and that is when the plaintiff 'shall produce any physician as a witness in his own behalf' in a *suit for personal injuries or malpractice."* (Emphasis as originally supplied.) The Court also observed that "a true waiver is an intentional, voluntary act and cannot arise by implication." *Id.* We accept the Court's statements as representing the correct view of the statute and conclude that the waiver provision does not obtain.

In *Gaertner v Michigan, supra,* the Supreme Court held that a guardian may legally act for his mentally incompetent ward, a minor, and may obtain access to the ward's medical records by executing a waiver without violating the statutory privilege. *Id.,* p 54. By analogy, a parent holds the right to assert the physician-patient privilege on behalf of his or her minor child. Thus, plaintiff Barbara Dierickx may properly assert the statutory privilege on behalf of Katie and Kimberly, while waiving the privilege as to Deanna.

Defendants also contend that the physician-patient privilege is not absolute where it is asserted solely to gain strategic advantage and to conceal evidence likely to establish the truth. Defendants rely upon the dicta of *People v Lobaito,* 133 Mich App 547, 562; 351 NW2d 233 (1984), in which it was determined that the physician-patient privilege statute did not apply, and *Seaton v State Farm Life Ins Co,* 99 Mich App 587; 299 NW2d 6 (1980), a case readily distinguishable from the one here and which does not support defendants' posi-

tion. The physician-patient privilege has been characterized as "an absolute bar" which prohibits a physician from disclosing even the names of patients who are not involved in litigation. *Schechet v Kesten,* 372 Mich 346, 351; 126 NW2d 718 (1964). We conclude that the force of the statutory privilege outweighs defendants' concern over plaintiffs' use of it to gain a strategic advantage.[1]

In short, although the requested medical records may be relevant to defendants' theory of a genetically transmitted defect, the records are privileged and not subject to discovery.

Defendants next claim that the trial court erred by denying the request to compel a physical examination of Katie and Kimberly.

GCR 1963, 311.1 governs a request to compel a physical examination and provides:

> In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination, the person or persons by whom it is to be made, and shall provide that the attorney for the person to be examined may be present at the examination.

---

[1] In a malpractice action, the Supreme Court of Missouri has held that the search for truth may require the disclosure of redacted medical records of nonparty patients even though the unedited records are protected by the physician-patient privilege, § 491.060(5). *State ex rel Lester E Cox Medical Center v Keet,* 678 SW2d 813 (Mo, 1984). This is a minority view.

This Court reviews a trial court's denial of a request for an order requiring a physical examination for an abuse of discretion. *Brewster v Martin Marietta Aluminum Sales, Inc,* 107 Mich App 639, 643; 309 NW2d 687 (1981).

Although the physician-patient privilege is not controlling, contrary to the trial court's ruling, we agree with the trial court that defendants are not entitled to an order compelling the physical examination of Katie and Kimberly. This result is warranted by the language of the court rule. The physical condition, the mental condition, and the blood relationship of Katie and Kimberly are not "in controversy" in this lawsuit. Instead, the health of Deanna and her parents is "in controversy."

Additional support for this view is found in FR Civ P 35, the comparable provision of federal civil procedure on which GCR 1963, 311 is modeled. *Brewster v Martin Marietta, Inc, supra.* The notes of the advisory committee on the 1970 amendment to FR Civ P 35(a) state that "[t]he amendment will settle beyond doubt that a parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination." The drafters of the rule did not contemplate a situation in which the examination of a minor nonparty sibling would be requested. Thus, we affirm the trial court's decision even though it was reached for the wrong reason. *Peninsular Construction Co v Murray,* 365 Mich 694, 699; 114 NW2d 202 (1962); *Durbin v K-K-M Corp,* 54 Mich App 38, 46; 220 NW2d 110 (1974), lv den 394 Mich 789 (1975).

Affirmed.