# Order

**Michigan Supreme Court**
**Lansing, Michigan**

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

January 23, 2019

158531
158538

NICHOLAS DAVID BURNETT,
      Plaintiff-Appellee,

v

TRACY LYNN AHOLA,
      Defendant-Appellant,
and

DEREK AHOLA,
      Defendant-Appellee.
_____/

SC: 158531
COA: 338618
Genesee CC: 14-312262-DP

NICHOLAS DAVID BURNETT,
      Plaintiff-Appellee,

v

TRACY LYNN AHOLA,
      Defendant-Appellee,
and

DEREK AHOLA,
      Defendant-Appellant.
_____/

SC: 158538
COA: 338618
Genesee CC: 14-312262-DP

On order of the Court, the applications for leave to appeal the August 30, 2018 judgment of the Court of Appeals are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the June 13, 2018 opinion and order of the Genesee Circuit Court, and REMAND this case to the trial court for further consideration.

Although the plaintiff has asserted the defenses of waiver and estoppel, neither defense applies in this case. "A true waiver is an intentional, voluntary act and cannot

arise by implication. It has been defined as the voluntary relinquishment of a known right." *Landelius v Sackellares*, 453 Mich 470, 480 (1996), quoting *Kelly v Allegan Circuit Judge*, 382 Mich 425, 427 (1969). There is no dispute that neither defendant knowingly and voluntarily relinquished their respective right to assert intrinsic fraud or fraud on the court. And because the defendants' motion for relief from judgment constitutes a timely challenge to the validity of the paternity judgment in the same civil action under the Revocation of Paternity Act (ROPA), MCL 722.1431 *et seq.*, collateral estoppel does not apply. See *Jones v Chambers*, 353 Mich 674, 680-681 (1958).

Accordingly, on remand, the Genesee Circuit Court shall: (1) conduct an in-person evidentiary hearing to determine whether the plaintiff committed intrinsic fraud or fraud on the court during the ROPA proceedings, which shall include consideration of relevant evidence discovered after entry of the ROPA judgment; and (2) if so, determine to what, if any, remedy the defendants are entitled. The Genesee Circuit Court is DIRECTED to expedite its consideration and resolution of this case.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 23, 2019



Clerk

t0116d