## MILFORD v GILB

Docket No. 82455. Submitted October 8, 1985, at Detroit.—Decided December 18, 1985.

Plaintiff, James Milford, requested, from the Planning Department of defendant City of Detroit, copies of all documents pertaining to urban renewal projects which were planned for his neighborhood. Plaintiff filed a complaint against defendants Corrine Gilb, the Director of the Detroit Planning Department, and the City of Detroit in Wayne Circuit Court under the Freedom of Information Act (FOIA) seeking the disclosure of other communications which defendants did not provide pursuant to his request. The circuit court, Sharon Tevis Finch, J., ordered defendants to provide plaintiff the requested materials and, if edited, explanations for the edited materials and the furnishing of references to the provisions of the FOIA under which defendants believed the materials were exempt. The circuit court affirmed its decision upon rehearing. Defendants appealed. *Held:*

1. Defendants failed to sustain their burden of proof that the exemption, under which they contended the communications were exempt from disclosure under the FOIA, applied to the records which plaintiff requested. Defendants did not establish that the communications which plaintiff sought were other than purely factual materials and that they were preliminary to a final agency determination of policy or action. Moreover, defendants did not show that the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighed the public interest in disclosure in this instance.

2. Disclosure of the communications in question did not constitute impermissible interference with the executive functions mandated by the charter of Detroit. The circuit court's

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 32 *et seq.*

What are "records" of agency which must be made available under state freedom of information act. 27 ALR4th 680.

What constitutes an agency subject to application of state freedom of information act. 27 ALR4th 742.

order did not destroy mayoral accountability mandated by the city charter, nor did it jeopardize the separation of powers between the executive and legislative branches.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT.

The Freedom of Information Act provides for the disclosure of certain public records concerning the official acts of a governing body; the public policy underlying the act focuses on the necessity to ensure that an informed public fully participates in the democratic process (MCL 15.231[2]; MSA 4.1801[1][2]).

2. RECORDS — FREEDOM OF INFORMATION ACT.

Under the Freedom of Information Act, a public body is required to disclose a public record upon request, unless the request falls within the scope of certain enumerated exceptions (MCL 15.233[1]; MSA 4.1801[3][1]).

3. RECORDS — FREEDOM OF INFORMATION ACT — DISCLOSURE.

Under the Freedom of Information Act, a public body, which is denying a request for disclosure, bears the burden of proof that a statutory exception applies to the item requested (MCL 15.240[1]; MSA 4.1801[10][1]).

4. RECORDS — FREEDOM OF INFORMATION ACT — DISCLOSURE.

A public body may exempt from disclosure, as a public record, communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action, upon a showing that the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure (MCL 15.243[1][n]; MSA 4.1801[13][1][n]).

*Mark H. Magidson,* for plaintiff.

*Donald Pailen,* Corporation Counsel, and *Kay D. Schloff* and *Nancy Vanderbeek,* Assistants Corporation Counsel, for defendant.

Before: R. M. MAHER, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendants appeal as of right from

a Wayne County Circuit Court order directing defendants to release documents pursuant to the Michigan Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* We affirm.

The Michigan Freedom of Information Act (hereinafter FOIA) provides for the disclosure of certain public records concerning the official acts of a governing body. The public policy underlying the act focuses on the necessity to ensure that an informed public fully participates in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2). Under the act, a public body is required to disclose a public record upon request, unless the request falls within the scope of certain enumerated exceptions. MCL 15.233(1); MSA 4.1801(3)(1); *Kestenbaum v Michigan State University,* 414 Mich 510, 521; 327 NW2d 783 (1982), *reh den* 417 Mich 1103 (1983). The burden of proof is on the governmental agency to establish that the exception is applicable to the requested records. MCL 15.240(1); MSA 4.1801(10)(1). *Evening News Association v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983), *reh den* 418 Mich 1202 (1984).

In the instant case, plaintiff requested, from the Detroit Planning Department, copies of all documents pertaining to urban renewal projects planned for his neighborhood. Although the planning department released some documents, plaintiff was not satisfied and filed a verified complaint seeking the disclosure of other communications.[1]

[1] Plaintiff's Complaint sought copies of:

"1. All correspondence and reports received by the Detroit Planning Department in the last twelve months from either King Cole, Inc. or Schervish, Vogel, Merz, Cardoza, PC.

"2. All correspondence, memoranda and reports produced by you or any other member of the Detroit Planning Department regarding a possible Two-Country Technology Exposition, Floralies, or other international exposition to be held in the City of Detroit.

"3. All correspondence, memoranda and reports either produced or

On May 18, 1984, the trial court ordered defendants to edit and produce the requested documents together with explanations for the edited material and for the provision of the FOIA under which they believed the edited material was exempt. On August 13, 1984, the trial court ordered further disclosure:

"IT IS HEREBY ORDERED that within twenty days of the date of this order Defendants are to provide to Plaintiff any and all documents pertaining to the sites and locations of the Detroit 1989 International Exposition, Urban Floralies, Cultural Festival and Technology Exhibition produced by the Planning Department of the City of Detroit;

"IT IS FURTHER ORDERED that Defendants are to provide any and all additional or alternate sites or locations to Plaintiff of said events which have been submitted to the Mayor and that this Order shall be continuing with Defendants providing Plaintiff with the foregoing information whenever a "new" communication regarding alternative sites is submitted to the Mayor with respect to these events.

"IT IS FURTHER ORDERED that the opinions and projections as to why a particular site may be good or bad are exempt from disclosure.

"IT IS FURTHER ORDERED that any and all documents which manifest the specific sites and locations of the foregoing events must be released, including but not limited to, maps, charts, addresses, pictures, statues and drawings."

Defendants' motion for rehearing was granted, but the trial court affirmed its original decision. On appeal, defendants argue that, under the exemption provisions of the FOIA, the planning depart-

received by you or any other member of the Detroit Planning Department regarding the projected use of funds for "Woodward Avenue Area Improvements" as described in the 1984-85 Preliminary Statement of Community Development Objectives and Projected Use of Funds of the City of Detroit."

ment need not reveal the sites being considered for the international exposition.[2]

There is no question that the Detroit Planning Department is a public body, MCL 15.232(b)(iii); MSA 4.1801(2)(b)(iii), nor is there a question that the documents concerning the exposition are public records, since they are "writing[s] prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function from the time [they] are created". MCL 15.232(C); MSA 4.1801(2)(C). The issue in this case is whether documents concerning the sites under consideration are subject to disclosure under the FOIA, or are exempt from disclosure under § 13 of the act. MCL 15.243; MSA 4.1801(13).

Defendants claim that the documents are exempt from disclosure under § 13(1)(n) of the act which provides in part:

"(1) A public body may exempt from disclosure as a public record under this act:

* * *

"(n) Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure." MCL 15.243(1)(n); MSA 4.1801(13)(1)(n).

In order to claim exemption and prevent disclosure under § 13(1)(n), the public body must first establish that (a) the documents cover other than

---

[2] This is the only issue on appeal, since neither party appeals from the award of attorney fees to plaintiff or the denial of plaintiff's request for punitive damages.

purely factual materials, and (b) the documents are preliminary to a final determination of policy or action. If the documents meet this substantive test, however, the public body must also establish that the public interest in encouraging frank communications within the public body or between public bodies clearly outweighs the public interest in disclosure. From our review of the record, we conclude that defendants failed to sustain their burden of proof that the exemption is applicable to the requested records governing the sites under consideration for the planned exposition.

Defendants cite *Montrose Chemical Corp of California v Train,* 160 US App DC 270; 491 F2d 63 (1974), for the proposition that selective factual data, *i.e.,* the sites recommended and the pros and cons of each site, presented to the public body for use in the deliberative process is exempt from disclosure under § 13(1)(n). In *Montrose,* plaintiff sought disclosure of documents prepared by Environmental Protection Agency (EPA) attorneys summarizing over 9200 pages of EPA hearings. The documents were prepared by EPA attorneys for use by the EPA administrator in deciding the case. The EPA successfully argued that the documents were not "facts" unpossessed by the plaintiff, but, rather, were the judgmental evaluation and condensation of thousands of pages of public facts utilized by the administrator in the deliberative process. The court held that the documents were exempt from disclosure since the facts were already available to the public via the transcripts of the EPA hearing and the summaries were used simply as a tool in the decision-making process. 491 F2d 71.[3]

---

[3] The documents in *Montrose* were exempt under 5 USC 552(b)(5), which exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency".

Were we to look to federal precedent to assist in our review,[4] we would not find *Montrose* favorable to defendants' position as the facts of that case are clearly distinguishable from the instant matter. In the instant case, defendants were ordered to disclose the *sites* being considered by the planning department and the mayor for the exposition. The opinions and projections with respect to each site were exempt from disclosure. The trial court's order does not require disclosure of the department's deliberative process. This limited information is purely factual in nature and, thus, is not exempt from disclosure.

Even if we were to conclude that the communications consist of other than purely factual materials, disclosure would be required as defendants have not established that the public interest in encouraging frank communications between the planning department and the mayor clearly outweighs the public interest in disclosure. Defendants argue that public disclosure of the sites being considered for the exposition could result in the inflation or deflation of land values. While this may be true, we believe that this factor weighs in favor of the public interest in disclosure rather than establishing how frank communications between the department and the mayor would be discouraged. Defendants also argue that disclosure of the information would allow plaintiff to study the site recommendations before they are presented for approval to the mayor or city council. The weakness in this argument lies with the fact that the planning department's opinions and recommendations are specifically exempt from disclosure. Moreover, plaintiff has no role in the decision-making process.

---

[4] We are of the opinion that § 13(1)(n) is significantly narrower than the federal exemption.

Finally, we reject defendants' argument that disclosure constitutes impermissible interference with the Detroit charter-mandated executive functions. We fail to see how the court's ruling destroys the charter-mandated mayoral accountability or jeopardizes the separation of powers between the executive and legislative branches. The ruling does not require the planning department to usurp the mayor's authority to disclose recommendations to the public. Our ruling does not require disclosure of recommendations regarding the sites, but only disclosure of the sites which are being considered.

Affirmed; no costs, a public question being involved.