POPP v CRITTENTON HOSPITAL

Docket No. 106925. Submitted June 6, 1989, at Lansing. Decided
August 24, 1989. Leave to appeal applied for.

Laurentiu Popp brought a malpractice action in the Oakland
Circuit Court against Crittenton Hospital and Harold Portnoy,
M.D. The jury returned a verdict of no cause of action and the
trial court, Steven N. Andrews, J., entered a judgment accord-
ingly. Plaintiff appealed alleging error in the striking of a
portion of certain deposition testimony of a doctor called by
plaintiff as an adverse witness and in the denial of plaintiff's
request for the medical records of a nonparty to the action.

The Court of Appeals *held:*

1. The trial court erred in concluding that the deposition
testimony regarding the doctor's history of testifying on behalf
of insurance companies and other physicians was irrelevant.
However, the judge did not abuse his discretion in excluding
the evidence since its prejudicial effect outweighed its impeach-
ment value.

2. The information sought by plaintiff's request for the medi-
cal records of a nonparty was protected by a physician-patient
privilege held by someone not a party to the lawsuit who did
not waive the privilege. The trial court correctly denied plain-
tiff's request.

Affirmed.

1. EVIDENCE — ADMISSION OF EVIDENCE.

The decision whether to admit certain evidence rests within the
sound discretion of the trial court.

2. EVIDENCE — RELEVANT EVIDENCE — EXCLUSION OF EVIDENCE.

Relevant evidence may be excluded where the trial court deter-
mines that its prejudicial effect outweighs its impeachment
value (MRE 403).

---

REFERENCES

Am Jur 2d, Evidence § 251; Expert and Opinion Evidence § 95;
Witnesses §§ 230, 235.
See the Index to Annotations under Bias or Prejudice; Expert and
Opinion Evidence; Malpractice by Medical and Health Profes-
sions; Physician-Patient Privilege.

3. Physicians and Surgeons — Physician-Patient Privilege — Evidence.

A party's request in a medical malpractice action for disclosure of the medical records of a person who is not a party to the lawsuit is properly denied where such records are protected by the physician-patient privilege which has not been waived by the nonparty patient (MCL 600.2157; MSA 27A.2157).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Lee R. Franklin*), for Laurentiu Popp.

*Mellon & McCarthy, P.C.* (by *James T. Mellon* and *Nancy L. Wright*), for Crittenton Hospital.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Dennis J. Mendis*), for Harold Portnoy, M.D.

Before: Danhof, C.J., and Hood and Marilyn Kelly, JJ.

Per Curiam. Plaintiff appeals as of right from two rulings of the trial court: the denial of his request for the medical records of a nonparty and the striking of a portion of deposition testimony he submitted at trial. The jury returned a verdict of no cause of action. We affirm.

Plaintiff injured himself when, after a tennis game, he attempted to jump the net. Unfortunately, he tripped and landed on his head and shoulder on the concrete surface of the court. He was taken to defendant Crittenton Hospital where surgery was performed. While there, plaintiff was treated by defendant Dr. Portnoy. He suffered a massive epidural hematoma resulting in loss of memory, inability to concentrate and other neurological problems.

Plaintiff filed a malpractice action alleging, among other things, that defendants failed to timely diagnose his injury.

On appeal, plaintiff first contends that the trial court erred in removing portions of testimony from the deposition of Dr. Levine when plaintiff sought to introduce it at trial. Dr. Levine was an emergency room physician who treated plaintiff at Crittenton. He was called as an adverse witness. Plaintiff's counsel elicited information in order to show bias and prejudice concerning Dr. Levine's history of testifying on behalf of insurance companies and other physicians.

Pursuant to defendants' objection, the trial judge removed this portion of the testimony. He reasoned that it was irrelevant, since Dr. Levine was testifying as a fact witness, not as to the standard of care or proximate cause. He further concluded that the probative value of the excised testimony was outweighed by its prejudicial effect.

The decision whether to admit certain evidence rests within the sound discretion of the trial court. *Petrove v Grand Trunk W R Co,* 174 Mich App 705, 715; 436 NW2d 733 (1989).

In this case, the judge erred in concluding that the testimony was irrelevant. It was relevant to show bias or prejudice on the part of the witness. MRE 401. The purpose and content of Dr. Levine's testimony were immaterial to this determination, since his bias or prejudice would always be in issue.

However, the judge did not abuse his discretion in excluding the evidence. Its prejudicial effect did outweigh its impeachment value. MRE 403. Injecting the fact that Dr. Levine had testified for insurance companies had the potential to confuse and mislead the jurors and prejudice their valuation of his testimony.

Next, plaintiff argues that the trial judge abused his discretion in denying his request for the medical records of a nonparty.

The malpractice complained of in this suit included defendants' failure to promptly utilize a CAT scan for diagnosis. In his deposition, Dr. Portnoy explained that another patient was under the CAT scan when plaintiff arrived at the hospital. Two days prior to trial, plaintiff requested the release of the medical records of the other patient to determine if he should have had priority over plaintiff. The trial judge denied the request.

The physician-patient privilege precludes the hospital from releasing the medical records of a nonparty. MCL 600.2157; MSA 27A.2157 provides in part:

> No person duly authorized to practice medicine or surgery shall be allowed to disclose any information which he may have acquired in attending any patient in his professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon.

This privilege has been characterized as an absolute bar prohibiting the disclosure of even the names of patients who are not involved in the litigation. *Schechet v Kesten,* 372 Mich 346, 351; 126 NW2d 718 (1964). The force of the statutory privilege outweighs plaintiff's need for it in order to prevail at trial. *Dierickx v Cottage Hospital Corp,* 152 Mich App 162, 169; 393 NW2d 564 (1986), lv den 426 Mich 868 (1986).

In this case, the information sought was protected by a physician-patient privilege held by someone not a party to the lawsuit who did not waive his privilege. The trial court correctly denied plaintiff's request.

Affirmed.