TRAVERSE CITY RECORD EAGLE v TRAVERSE CITY AREA
PUBLIC SCHOOLS

Docket No. 116207. Submitted February 14, 1990, at Grand Rapids. Decided April 18, 1990. Leave to appeal applied for.

The Traverse City Record Eagle brought an action in Grand Traverse Circuit Court against the Traverse City Area Public Schools. Plaintiff sought disclosure pursuant to the Freedom of Information Act of a tentative collective bargaining agreement between defendant and the Northern Michigan Education Association and the American Federation of State, County and Municipal Employees, Council 25. Both unions subsequently intervened as defendants. The trial court, William R. Brown, J., granted summary disposition in favor of defendants, ruling that the tentative collective bargaining agreement was exempt from disclosure. Plaintiff appealed.

The Court of Appeals *held:*

The tentative collective bargaining agreement is exempt from disclosure pursuant to the Freedom of Information Act under the exemption provided for communications and notes within a public body or between public bodies of an advisory nature to the extent they cover other than purely factual materials and are preliminary to a final determination of policy or action. The public interest in encouraging frank communications between the public employer in this case and its employees clearly outweighs the public interest in disclosure.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — TENTATIVE COLLECTIVE
BARGAINING AGREEMENTS.

A tentative collective bargaining agreement between a public employer and the bargaining agent of its employees is not subject to disclosure pursuant to the Freedom of Information Act, under the exemption provided for communications and notes within a public body or between public bodies of an

REFERENCES

Am Jur 2d, Records and Recording Laws § 46.19.
See the Index to Annotations under Collective Bargaining; Freedom of Information Acts.

advisory nature to the extent they cover other than purely factual materials and are preliminary to a final determination of policy or action, where the public interest in encouraging frank communications between officials and employees of the public body clearly outweighs the public interest in disclosure (MCL 15.243[1][n]; MSA 4.1801[13][1][n]).

*Murchie, Calcutt & Boynton* (by *Jack E. Boynton*), for Traverse City Record Eagle.

*Thrun, Maatsch & Nordberg, P.C.* (by *James T. Maatsch* and *Martha J. Marcero*), for Traverse City Area Public Schools.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *Thomas A. Baird* and *Michelle R. Eaddy*), for Northern Michigan Education Association.

*Webb & Hildebrandt, P.C.* (by *Ann Hildebrandt*), for AFSCME, Council 25.

Before: MAHER, P.J., and GRIBBS and MURPHY, JJ.

PER CURIAM. Plaintiff Traverse City Record Eagle appeals as of right from an order granting defendants summary disposition. Plaintiff, a newspaper, sought access to a tentative collective bargaining agreement reached between the Traverse City School District and two unions representing the teachers, professional personnel, custodial and maintenance employees. We affirm.

We note initially that plaintiff was given a copy of the agreement at issue after it was ratified by the contracting parties, rendering the issue in this case moot. In any case, we do not believe the circuit court erred in determining that a tentative collective bargaining agreement was exempt from

disclosure under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*

This Court reviews the lower court's decision under a clearly erroneous standard. The trial court's findings or conclusions of law are clearly erroneous if they leave the reviewing court with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

In this case, the trial court found the tentative collective bargaining agreement exempt from disclosure pursuant to § 13(1)(n) of the act:

> Communications and notes within a public body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure. This exemption does not constitute an exemption under state law for purposes of section 8(h) of Act No. 267 of the Public Acts of 1976, being section 15.268 of the Michigan Compiled Laws. As used in this subdivision, "determination of policy or action" includes a determination relating to collective bargaining, unless the public record is otherwise required to be made available under Act No. 336 of the Public Acts of 1947, as amended, being sections 423.201 to 423.216 of the Michigan Compiled Laws. [MCL 15.243(1)(n); MSA 4.1801(13)(1) (n).]

Before determining that a public body has sustained its claim of exemption, the trial court must specifically find that the particular sections of the public record would, for particular reasons, fall

within the claimed exemptions. *The Evening News Ass'n v City of Troy*, 417 Mich 481, 505; 339 NW2d 421 (1983); *Post-Newsweek Stations, Michigan, Inc v Detroit*, 179 Mich App 331, 335; 445 NW2d 529 (1989).

Plaintiff argues that the tentative collective bargaining agreement here does not fall within the requirements of the above exemption. Specifically, plaintiff claims the tentative agreement is not a note or communication which is advisory in nature, covering more than purely factual materials and preliminary to the school board's determination of its policy or action. Plaintiff also asserts that defendant did not show how the public interest in frank communication between the school board and the district's employees clearly outweighed the public interest in disclosure.

We have reviewed the trial court's findings and conclusions and we do not find them clearly erroneous. The trial court found the tentative agreement a communication because it was a message from the school board and union representatives to their respective bodies. The trial court found that the tentative agreement was advisory since, by its very nature, it involves deliberative process. The trial court also found that ratification of the tentative agreement was part of the negotiation process. Finally, the trial court found that premature disclosure of the tentative agreement would have a negative impact on the negotiation process. The court's analysis implicitly includes the idea that confidentiality is necessary to maintain frank communication between the unions and the school board. Frank communication, in turn, leads to effective negotiation, which the court concluded

outweighed the public's right to disclosure. We find no clear error.

Affirmed.

MURPHY, J., concured in result only.