FAVORS v DEPARTMENT OF CORRECTIONS

Docket No. 127346. Submitted October 9, 1991, at Detroit. Decided December 2, 1991, at 9:05 A.M. Leave to appeal sought.

Gene T. Favors, an inmate at the Department of Corrections facility in Jackson, Michigan, brought an action in the Muskegon Circuit Court against the department, alleging that it violated the Freedom of Information Act by refusing to provide him with a goldenrod-colored copy of the department's Time Review & Disposition form CSR-482 used by a department disciplinary credit committee as a worksheet in determining whether to recommend that the prison warden award him disciplinary credits. The court, R. Max Daniels, J., granted summary disposition for the department, finding the requested document exempt from disclosure under the FOIA. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court failed to comply with the technical requirements of the FOIA because it did not require the department to bear the burden of proving that the requested document was exempt from disclosure under the act and because the court did not apply the balancing test required by MCL 15.243(1)(n); MSA 4.1801(13)(1)(n) before making its determination. However, because the trial court clearly reached the correct result, reversal is not required.

2. Form CSR-482 is a public record within the scope of the FOIA.

3. The trial court correctly concluded that the document sought by the plaintiff was exempt from disclosure under MCL 15.243(1)(n); MSA 4.1801(13)(1)(n), because it covers other than purely factual materials, is advisory in nature, and is preliminary to a final agency determination of policy or action.

4. The public interest in encouraging frank communications within the Department of Corrections clearly outweighs the interest in disclosure of the worksheet document sought by the plaintiff.

Affirmed.

Gene T. Favors, in propria persona.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, and *Pamela J. Stevenson,* Assistant Attorney General, for the defendant.

Before: HOOD, P.J., and MURPHY and CAVANAGH, JJ.

MURPHY, J. Plaintiff, an inmate at the Michigan Department of Corrections facility in Jackson, appeals as of right an opinion and order entered by the Muskegon Circuit Court that granted defendant's motion for summary disposition. The court ruled that the information sought by plaintiff, the goldenrod-colored copy of the defendant's Time Review & Disposition form CSR-482, used in determining whether a prisoner should be awarded disciplinary credits, was exempt from disclosure under § 13 of the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* We affirm.

On appeal, plaintiff contends that the trial court erred when it held that the information sought by plaintiff was exempt from disclosure under § 13 of the FOIA because the court did not require defendant to bear the burden of proving that the requested document was exempt and because the court did not perform the balancing test required by subsection 13(1)(n). Although we agree with plaintiff's contention that the court failed to comply with the technical requirements of the statute, we do not agree that this failure requires reversal of the court's decision.

Section 13 of the FOIA provides in pertinent part:

(1) A public body may exempt from disclosure as a public record under this act:

\*   \*   \*

(n) Communications and notes within a public

body or between public bodies of an advisory nature to the extent that they cover other than purely factual materials and are preliminary to a final agency determination of policy or action. This exemption shall not apply unless the public body shows that in the particular instance the public interest in encouraging frank communications between officials and employees of public bodies clearly outweighs the public interest in disclosure. [MCL 15.243(1)(n); MSA 4.1801(13)(1)(n).]

The FOIA presumes that records are discloseable. *International Union, United Plant Guard Workers of America v Dep't of State Police,* 422 Mich 432, 441; 373 NW2d 713 (1985), fee award modified 423 Mich 1205 (1985). The law relevant to analysis of this case was set forth by this Court in *Milford v Gilb,* 148 Mich App 778, 780; 384 NW2d 786 (1985):

> The Michigan Freedom of Information Act (hereinafter FOIA) provides for the disclosure of certain public records concerning the official acts of a governing body. The public policy underlying the act focuses on the necessity to ensure that an informed public fully participates in the democratic process. MCL 15.231(2); MSA 4.1801(1)(2). Under the act, a public body is required to disclose a public record upon request, unless the request falls within the scope of certain enumerated exceptions. MCL 15.233(1); MSA 4.1801(3)(1); *Kestenbaum v Michigan State University,* 414 Mich 510, 521; 327 NW2d 783 (1982), reh den 417 Mich 1103 (1983). The burden of proof is on the governmental agency to establish that the exception is applicable to the requested records. MCL 15.240(1); MSA 4.1801(10)(1). *Evening News Association v City of Troy,* 417 Mich 481; 339 NW2d 421 (1983), reh den 418 Mich 1202 (1984).

There is no question that the Department of

Corrections is a "public body" within the meaning of the FOIA. See MCL 15.232(b); MSA 4.1801(2)(b). MCL 15.232(2)(c); MSA 4.1801(2)(c) defines a "public record" as "a writing prepared, owned, used, in the possession of, or retained by a public body in the performance of an official function, from the time it is created." The FOIA separates public records into two classes: (1) those exempt from disclosure under § 13, and (2) all others, which are subject to disclosure under the act.

The document that plaintiff sought pursuant to the FOIA was the goldenrod-colored worksheet copy of the CSR-482 form entitled "Time Review & Disposition" that was used by a Department of Corrections disciplinary credit committee at the Muskegon facility in determining whether to recommend that the prison warden award disciplinary credits to plaintiff. This form consists of four identical copies in different colors, which reflect the warden's ultimate decision after the committee has made its recommendation, and a fifth, goldenrod-colored page that is completed by the committee itself and contains a blank space for the committee members' comments. In boldface type at the bottom of the goldenrod-colored copy, the following words appear:

THIS IS A WORKSHEET. IT SHOULD BE DISCARDED WHEN THE COMMITTEE'S RECOMMENDATION IS FORWARDED TO THE WARDEN.

The worksheet normally is destroyed by the warden after he makes his decision and completes the other portion of the form. Except for the committee members' written comments, all of the information contained on the goldenrod-colored copy, including the members' names, also appears on the other portion of the form.

We conclude that form CSR-482, including the goldenrod-colored worksheet copy sought by plaintiff, is a "public record" within the scope of the FOIA because it was prepared, owned, and used by the disciplinary credit committee in performing its official function of determining whether to recommend an award of disciplinary credits to plaintiff, an inmate of a Department of Corrections facility. Furthermore, after review of the record, we also conclude that plaintiff is correct in contending that defendant failed to carry its burden of proving that this document came within the scope of the § 13 exclusion. In fact, defendant never raised or argued this particular exclusion before the trial court. Additionally, the trial court did not apply the requisite balancing test in making its determination. Nevertheless, we do not believe that this failure requires reversal because the trial court clearly reached the correct result.

First, the trial court correctly concluded that the public record sought by plaintiff was exempt from disclosure under § 13. The goldenrod-colored copy of the form at issue covers "other than purely factual materials" because it provides a space for the disciplinary credit committee members to explain their recommendations. The goldenrod-colored copy is advisory in nature and "preliminary to a final agency determination of policy or action" because it covers only the committee's recommendation concerning an award of disciplinary credits to an inmate. The warden makes the final decision. The comment sheet is designed to allow the committee members to state their candid impressions regarding the inmate's eligibility for disciplinary credits. Release of this information conceivably could discourage frank appraisals by the committee and, thus, inhibit accurate assessment of an inmate's merit or lack thereof. See *Renegotiation*

*Bd v Grumman Aircraft Engineering Corp,* 421 US 168, 186; 95 S Ct 1491; 44 L Ed 2d 57 (1975) (division reports that included recommendations for final disposition of dispute with government defense contractor over excessive profits recapture are exempt from disclosure under federal FOIA, 5 USC 552[b][5]). See also OAG, 1979-1980, No 5500, pp 275-276, 287-288 (July 23, 1979) (observation sheets used by the State Police that contained the review board members' candid impressions of candidates for promotion and recommendations contained in staff investigation reports on applications for licenses are exempt from disclosure under § 13 of the FOIA). Cf. *Ostoin v Waterford Twp Police Dep't,* 189 Mich App 334; 471 NW2d 666 (1991) (government documents containing agency's deliberative or evaluative processes are protected from disclosure by qualified privilege).

Second, we conclude the public interest in encouraging frank communications within the Department of Corrections clearly outweighs the public interest in disclosure of these worksheet forms. The public has a clear interest in encouraging the members of disciplinary credit committees within the department to communicate frankly with a warden with regard to the issue of inmate disciplinary credit, an issue that affects the length of an inmate's incarceration. The public has a far greater interest in insuring that these evaluations are accurate than in knowing the reasons behind the evaluations.

Affirmed.