HUBKA v PENNFIELD TOWNSHIP

Docket No. 137685. Submitted October 6, 1992, at Lansing. Decided November 18, 1992, at 9:20 A.M. Leave to appeal sought.

George Hubka brought an action in the Calhoun Circuit Court against Pennfield Township, seeking disclosure pursuant to the Freedom of Information Act of the minutes of a closed meeting of the township board and letters written by the township attorney concerning his investigations of allegations of harassment and discrimination within the township police department. The court, Stephen B. Miller, J., granted summary disposition for the defendant, holding that the minutes were exempt from disclosure because the plaintiff had not filed suit under the Open Meetings Act within sixty days of the decision to hold the closed meeting and that the letters were exempt from disclosure because of the attorney-client privilege. The plaintiff appealed.

The Court of Appeals *held:*

1. Although two affidavits upon which the trial court relied did not comply with the requirements of the court rules, the plaintiff failed to show that he was prejudiced by the noncompliance.

2. The letters sent by the attorney to the board that related information obtained from township employees under compulsion and promises of confidentiality and that contained the attorney's opinions, conclusions, recommendations, and reports of attempts at resolution of the allegations are protected from disclosure by the attorney-client privilege.

3. The letter sent by the attorney to the target of the investigation is not protected from disclosure by the attorney-

REFERENCES

Am Jur 2d, Limitation of Actions § 82; Records and Recording Laws §§ 29, 31.

What are matters "specifically exempted from disclosure by statute" under Freedom of Information Act (5 USCS § 552(b)(3)). 45 L Ed2d 763.

Freedom of Information Act exemption (5 USCS § 552(b)(5)) for inter-agency and intra-agency memorandums or letters as applicable to communications to or from attorneys for the government. 54 ALR Fed 280.

client privilege. However, on remand, the trial court should consider whether the letter is protected from disclosure under the subsection of the Freedom of Information Act that exempts personnel records of law enforcement agencies unless the public interest in disclosure outweighs the public interest in nondisclosure.

4. Although the Open Meetings Act divests a circuit court of the jurisdiction to invalidate a decision taken at an improperly called closed meeting unless suit is brought within sixty days of the date the approved minutes are made available to the public, the limitation provision does not preclude a circuit court from finding that a closed meeting was in violation of the Open Meetings Act or from ordering complete disclosure of the minutes of the meeting. Because the trial court found that the closed meeting was in violation of the Open Meetings Act, and the defendant did not cross appeal, the minutes of the closed meeting should be disclosed.

Affirmed in part, reversed in part, and remanded.

1. STATUTES — FREEDOM OF INFORMATION ACT — ATTORNEY-CLIENT PRIVILEGE.

Letters sent by a township attorney to a township board that contain information obtained from township employees under compulsion and promises of confidentiality during the course of the attorney's investigation of allegations by a township employee of employment harassment and discrimination and that contain the attorney's opinions, conclusions, recommendations, and reports of attempts of resolution of the allegations are protected from disclosure under the Freedom of Information Act by the attorney-client privilege (MCL 15.243[1][h]; MSA 4.1801[13][1][h]).

2. ACTIONS — OPEN MEETINGS ACT — LIMITATION OF ACTIONS — JURISDICTION.

The failure to bring an action pursuant to the Open Meetings Act within sixty days after the approved minutes of an improperly called closed meeting are made public does not preclude a circuit court from ordering complete disclosure of the minutes of the improperly held closed meeting; the failure to bring a timely action under the act merely divests the court of jurisdiction to invalidate a decision taken at the closed meeting (MCL 15.270[3][a]; MSA 4.1800[20][3][a]).

George Hubka, in propria persona.

*John H. Macfarlane,* for the defendant.

Before: Hood, P.J., and Wahls and McDonald, JJ.

Per Curiam. This is a suit under the Michigan Freedom of Information Act (foia), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.* Plaintiff, an uninvolved third party who was not a target of defendant's investigation, seeks disclosure of the minutes of a closed meeting held to hear allegations by a police officer that she had been the victim of harassment and discrimination. He also seeks disclosure of four letters written by defendant's attorney detailing his investigation into the charges.

Plaintiff appeals as of right from the trial court's granting of defendant's motion for summary disposition under MCR 2.116(C)(8) and (10). We affirm in part, reverse in part, and remand.

Plaintiff first argues that, with respect to certain documents that were disclosed, defendant erred in providing him with copies as opposed to providing him with an opportunity to inspect the originals. This argument was not addressed by the trial court and, therefore, is unpreserved. Further, plaintiff failed to allege that the procedure prejudiced him in any way, such as by being charged for the copies instead of being allowed a free inspection. See *Cashel v Regents of the University of Michigan,* 141 Mich App 541, 546; 367 NW2d 841 (1985).

Secondly, plaintiff argues that the trial court erred in relying on two defective affidavits. We agree that the two affidavits violated the court rules—one because it failed to state that the affiant was competent to testify, see MCR 2.119(B)(1)(c), and the other because it was produced on the day of the hearing, see MCR 2.119(C)(1)(b). We also agree with plaintiff's assertion that defense counsel should be embarrassed by having to be in-

structed concerning the rules of civil procedure by a plaintiff acting in propria persona. However, plaintiff has again failed to show any resulting prejudice. The first affidavit showed from its contents that the affiant indeed had firsthand knowledge of the alleged facts, and plaintiff was provided ample time to respond to the second affidavit but failed to do so. See *West v Farm Bureau Mutual Ins Co of Michigan,* 63 Mich App 279, 283-284; 234 NW2d 485 (1975), rev'd on other grounds 402 Mich 67; 259 NW2d 556 (1977).

Plaintiff's third argument is that the trial court erred in relying on the attorney-client privilege as a basis to refuse to order disclosure of letters written by defendant's attorney detailing the results of his investigation into the officer's charges. Plaintiff argues that these letters are "reports" and that they are subject to disclosure to the extent that they merely recite facts uncovered by the attorney and "other tangential nonlegal matters."

One of the letters contains detailed accounts of the facts gathered by defendant's attorney after extensive interviews and also contains the attorney's conclusions and recommendations. The remaining letters are progress reports regarding the resolution of the investigation and include both facts and legal analysis of such facts. One letter has attached to it a copy of a letter sent to the person who was the target of the investigation.

The Michigan FOIA explicitly exempts from disclosure "[i]nformation or records subject to the attorney-client privilege." MCL 15.243(1)(h); MSA 4.1801(13)(1)(h). However, the FOIA also imposes a duty to segregate, "to the extent practicable," exempt material from disclosable nonexempt material. MCL 15.244; MSA 4.1801(14). There are no Michigan cases interpreting the interplay between

these two sections. We will therefore examine precedent interpreting the federal FOIA.

Under the federal FOIA, attorney-client communications are exempt from disclosure under a section covering "interagency or intra-agency memorandums or letters which would not be made available to a party other than an agency in litigation with the agency." 5 USC 552(b)(5); see *Schlefer v United States,* 226 US App DC 254, 258; 702 F2d 233 (1983); *Brinton v Dep't of State,* 204 US App DC 328, 332; 636 F2d 600 (1980); *Mead Data Central, Inc v United States Dep't of the Air Force,* 184 US App DC 350, 360; 566 F2d 242 (1977).

The attorney-client privilege normally "protects communications from attorney to client to avoid the risk of inadvertent, indirect disclosure of the client's confidences." *Schlefer, supra* at 266. However, it "does not allow the withholding of documents simply because they are the product of an attorney-client relationship." *Mead, supra* at 361.

"[I]t is clear that when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged." *Brinton, supra* at 332; see also *Schlefer, supra* at 266. "To allow the contrary rule would permit agencies to insulate facts from FOIA disclosure by simply routing them through lawyers in the agency and invoking the attorney-client privilege." *Brinton, supra* at 332. Thus, at first blush, it would appear that the facts contained in the disputed letters are subject to disclosure.

However, where the attorney's "client is an organization, the privilege extends to those communications between attorneys and *all agents or employees* of the organization who are authorized to act or speak for the organization in relation to the subject matter of the communication." *Mead,*

*supra* at 361, n 24 (emphasis added). That is, facts confidentially disclosed to an attorney *by employees of the client* are covered by the attorney-client privilege. See *Murphy v Tennessee Valley Authority,* 571 F Supp 502, 506-507 (D DC, 1983); see also *Mead, supra* at 361, n 24 (circulation of letter covered by attorney-client privilege among employees of client did not destroy its confidentiality).

In this case, defendant's attorney obtained the information related in the letters from defendant's employees under compulsion[1] and under promises of confidentiality. Because of their source, those facts, therefore, are protected from disclosure by the attorney-client privilege. Likewise, opinions, conclusions, and recommendations based on those facts are protected because they are at the core of what is covered by the privilege.

The letter sent by the attorney to the target of the investigation is not cloaked with the same privilege, because it is not a letter directed to a client or the client's agent that renders advice or offers an opinion on the basis of confidential facts gathered from the client or the client's agent. See *Schlefer, supra* at 266; *Brinton, supra* at 332; *Mead, supra* at 363; see also *Murphy, supra* at 506. Instead, it was written by the attorney on behalf of the client after, and in reliance upon, confidential attorney-client discussions. However, on remand, the trial court should consider whether the letter is protected from disclosure by the subsection that exempts "personnel records of law enforcement agencies" "[u]nless the public interest in disclosure outweighs the public interest in nondis-

---

[1] See *Garrity v New Jersey,* 385 US 493; 87 S Ct 616; 17 L Ed 2d 562 (1967); see also *In re Jenkins,* 437 Mich 15, 25-27; 465 NW2d 317 (1991). The question whether, under *Garrity,* public employees who are not themselves the target of an investigation may be compelled to answer questions under penalty of discharge is not an issue raised by the parties in this case.

closure." MCL 15.243(1)(t)(ix); MSA 4.1801(13)(1)(t)(ix).

Plaintiff's last argument is that the trial court erred in denying his request for the minutes of the closed meeting held by defendant with the complaining officer. The trial court held that the minutes were protected by the Open Meetings Act (OMA), MCL 15.261; *et seq.*; MSA 4.1800[11] *et seq.*, because plaintiff had failed to file suit under the OMA to invalidate the decision to hold a closed meeting within the required sixty days. See MCL 15.270(3)(a); MSA 4.1800(20)(3)(a). We disagree. Defendant does not cross appeal from the trial court's finding that the meeting was closed in violation of the OMA.

It is true that the OMA provides that a "circuit court shall not have jurisdiction to invalidate a decision of a public body for a violation of this act unless an action is commenced . . . [w]ithin 60 days after the approved minutes are made available to the public . . . ." MCL 15.270(3)(a); MSA 4.1800(20)(3)(a). However, a careful reading of this section discloses that the "decision" referred to is a decision made during the course of a meeting held in violation of the act rather than a decision to hold a closed meeting in the first instance. See MCL 15.270(1) and (2); MSA 4.1800(20)(1) and (2).

"The statutory limitations period [discussed above] does not apply [where a] plaintiff did not seek to invalidate the actions" taken at the closed meeting. *Detroit News, Inc v Detroit,* 185 Mich App 296, 301; 460 NW2d 312 (1990). Rather, where "meetings were held in violation of the OMA . . . the minutes of those meetings were public records subject to disclosure" under the FOIA. *Id.* at 303-304. Therefore, the minutes should be disclosed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.