DORRIS v DETROIT OSTEOPATHIC HOSPITAL CORPORATION

Docket No. 183036. Submitted September 17, 1996, at Detroit. Decided
     November 26, 1996, at 9:05 A.M. Leave to appeal sought.

     Deborah and Raymond Dorris brought a medical malpractice action
     in the Wayne Circuit Court against Detroit Osteopathic Hospital
     Corporation, alleging that certain medication was administered to
     Deborah Dorris over her objection and preference for another
     drug. The plaintiffs moved to compel discovery of the name of a
     fellow patient who plaintiffs claimed witnessed Deborah Dorris'
     refusal of the medication administered. The court, Sharon Tevis
     Finch, J., granted the motion. The defendant appealed by leave
     granted and successfully moved for a stay of proceedings in the
     trial court.

     The Court of Appeals held:

     MCL 600.2157; MSA 27A.2157, which provides in part that a per-
     son duly authorized to practice medicine shall not disclose any
     information that the person has acquired in attending a patient in a
     professional character, if the information was necessary to pre-
     scribe for the patient as a physician, prohibits the physician from
     disclosing in any action the names of patients not involved in the
     action.

     Reversed.

PHYSICIANS AND SURGEONS — PHYSICIAN-PATIENT PRIVILEGE — DISCOVERY —
     PATIENT NAMES.

     The physician-patient privilege bars a physician from disclosing in an
     action the names of patients not involved in the action (MCL
     600.2157; MSA 27A.2157).

*DeNardis, McCandless & Muller, P.C.* (by *William McCandeless* and *Paul V. Regelbrugge*), for the plaintiffs.

*Feikens, Vander Male, Stevens, Bellamy & Gilchrist, P.C.* (by *L. Neal Kennedy* and *Michael P. Citrin*), for the defendant.

Before: SAAD, P.J., and CORRIGAN and R. A. BENSON,* JJ.

CORRIGAN, J. In this interlocutory appeal in a medical malpractice action, defendant Detroit Osteopathic Hospital Corporation appeals by leave granted the order compelling it to reveal the name of a patient who shared a hospital room with plaintiff Deborah Dorris.[1] We reverse.

On June 18, 1993, plaintiff visited the Riverside Osteopathic Hospital[2] emergency room complaining of nausea, vomiting, and diarrhea. The emergency room physician prescribed the drug Compazine, which was administered intravenously, and plaintiff experienced an abrupt drop in blood pressure from the medication. Plaintiff's condition later stabilized and she was discharged within twenty-four hours.

Plaintiff filed suit in March 1994 and alleged that defendant's employees negligently administered Compazine to her. She claimed that she had refused the Compazine because she had a history of allergic reactions to medicines. Plaintiff alleged that she instead requested Lomatil, which she previously had taken without incident, but the emergency room physician refused her request.[3] Plaintiff stated that she also told the nurse who put Compazine into the intravenous bag that she did not want the medicine.

Plaintiff claims that the patient who shared her hospital room witnessed plaintiff's refusals of Com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Because the claims of plaintiff Raymond Dorris are derivative, for the purposes of this opinion, "plaintiff" will refer to Deborah Dorris only.

[2] Defendant oversees Riverside Osteopathic Hospital.

[3] The emergency room physician denies that he administered Compazine against plaintiff's wishes.

pazine. During discovery, plaintiff moved to compel defendant to disclose the name of that patient; the circuit court granted the motion. Defendant then applied for leave to appeal to this Court and moved for a stay of the proceedings. This Court granted leave and the stay.

Defendant contends that the circuit court abused its discretion in ordering it to disclose the name of the nonparty patient because that information is privileged under the physician-patient privilege statute, MCL 600.2157; MSA 27A.2157. We agree. This Court reviews a trial court's grant or denial of discovery under an "abuse of discretion" standard. *SCD Chemical Distributors, Inc v Medley*, 203 Mich App 374, 382; 512 NW2d 86 (1994).

MCR 2.302(B)(1) provides that parties may obtain discovery regarding any subject relevant to the pending action, including the identity of persons having knowledge of a discoverable matter. The rule does not, however, permit discovery of privileged matters. MCL 600.2157; MSA 27A.2157 provides in part:

> Except as otherwise provided by law, a person duly authorized to practice medicine or surgery shall not disclose any information that the person has acquired in attending a patient in a professional character, if the information was necessary to enable the person to prescribe for the patient as a physician, or to do any act for the patient as a surgeon. . . .

Our Supreme Court resolved the question whether patient names are discoverable in *Schechet v Kesten*, 372 Mich 346; 126 NW2d 718 (1964). As in the instant

case, MCL 600.2157; MSA 27A.2157[4] was at issue in *Schechet.* The Court stated that the statute "prohibits the physician from disclosing, in the course of any action wherein his patient or patients are not involved and do not consent, even the names of such noninvolved patients." *Id.* at 351. This Court follows, as it must, precedent from our Supreme Court. *Hatfield v St Mary's Medical Center,* 211 Mich App 321, 327-328; 535 NW2d 272 (1995).

In support of her argument that defendant is obliged to provide the patient's name, plaintiff relies on *Porter v Michigan Osteopathic Hosp Ass'n, Inc,* 170 Mich App 619; 428 NW2d 719 (1988). The plaintiff in *Porter,* a schizophrenic, alleged that two other patients raped her after she was admitted to the defendant hospital. The trial court ordered the defendant to produce information regarding any suspected assailants, including their names. *Id.* at 621-622. This Court determined that the names were not privileged because they were not necessary for diagnosis or treatment. *Id.* at 623.

The majority opinion in *Porter* neglected to mention *Schechet,* a case we are bound to follow. The *Porter* dissent, however, referred to *Schechet* and noted that the physician-patient privilege statute "has not been construed as limited to information solely necessary for treatment." *Id.* at 626-627 (MACKENZIE, J., dissenting). Our Supreme Court subsequently denied leave to appeal in *Porter.* 432 Mich 915 (1989). In any event, *Porter* is distinguishable from the instant case on its facts. The *Porter* plaintiff sought the names of

---

[4] The portion of the statute quoted above is the same version that was in effect in 1964, when the Court decided *Schechet.*

patients who allegedly attacked her. In this case, plaintiff seeks the name of a patient who may or may not have overheard a conversation between plaintiff and medical personnel. *Porter* therefore presents stronger policy reasons than this case for disclosure.

Nonetheless, *Schechet* remains binding precedent that we are not empowered to overrule.

Reversed.